# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Subpoena to Havas Media Group USA, LLC | § § § § § § § § | Civil Action No. 3:23-mc-03007 |

## **GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL HAVAS**

Google LLC ("Google") respectfully submits this reply in support of its motion to compel (the "Motion") third-party Havas Media Group USA, LLC ("Havas") to comply with Google's subpoenas.

## ARGUMENT

Havas has not once objected to the place of compliance in Google's subpoenas in the more than five months since being served with the subpoenas at issue. Indeed, Havas did not raise this objection in its June 1, 2023 written objections to the subpoenas nor in any of the parties' meet and confers in the months that followed. Thus, any objection Havas has to the place of compliance has long been waived, and Google's motion to compel was filed in the correct jurisdiction based on well-established precedent concerning Rule 45. Had Havas timely objected (it did not), Google could have re-issued the subpoenas and avoided months of delay. Instead, Havas raised this issue for the *first time* on September 21, 2023, *after* Google filed its motion to compel. (Ex. 1, J. Aycock Sept. 21, 2023 Email to S. Rader.) That is too late.

Not only does Havas's opposition reflect a fundamental misunderstanding of Rule 45, Havas also grossly misrepresents facts concerning the underlying litigations, contorts statements Google has made in separate contexts, and, to add insult to injury, requests fees to reward its tactics of delay.

For the reasons stated below and in the Motion, Google's motion to compel should be granted.

### I. Google's Motion to Compel was Filed in the Correct Jurisdiction.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), a party serving a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Google's subpoenas were served on Havas's registered agent in Springfield, Illinois, and listed a place of compliance within 100 miles of the registered agent's location.[1] (Mot. Exs. 4, 5.) Specifically, the place of compliance is in Logan County, which is within this Court's jurisdiction.[2] As a result, the "court for the district where compliance is required" is the Central District of Illinois. Fed. R. Civ. P. 45(d)(2)(i); *see also Dental Resource Sys., Inc. v. Ashcraft*, No. 3:20-CV-2085-BN, 2021 WL 3772688, at *1 (N.D. Tex. Mar. 11, 2021) ("the place of compliance is the one directed by the subpoena unless and until a court rules otherwise on a motion under Rule 45(d)."). Accordingly, and consistent with the plain language of Rule 45 and case law in this circuit and across the country, there can be no dispute that this Court is the proper jurisdiction to hear Google's motion to compel. *See People's Bank, Inc. v. Reliable Fast Cash, LLC*, No. 2:16-CV-399-RL-JEM, 2018 WL 3928991, at *1 (N.D. Ind. July 5, 2018) ("The subpoena attached to Plaintiff's motion requires Exhibit Capital to produce certain documents at its office in Newark, New Jersey. Therefore, any motion related to that subpoena must be made in the District of New Jersey"); *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1 (S.D. Ohio, Apr. 17, 2014) (finding that because the

---

[1] Havas maintains an office in and regularly conducts business in Illinois. *See* Havas Media, "Havas Chicago," https://chi.havas.com/.

[2] *See* United States District Court for the Central District of Illinois, Jurisdictional Map, *available at* https://www.ilcd.uscourts.gov/file/newdistrictmapjune2015-updated-5-3-211pdf.

subpoena commanded compliance in Chicago, Illinois, the Northern District of Illinois was the court for the district where compliance was required).[3]

Nevertheless, for the first time since being served with the subpoenas on May 19, 2023, Havas argues in its opposition that Google's Motion should be denied because the subpoenas do not list a proper place of compliance. Whatever the merits of Havas's objection may be, the time to make such an objection has long passed. That is, "if [Havas] or other subpoenaed nonparties feel slighted by the designated place of compliance, Rule 45(c) is the clear avenue to challenge the location[.]" *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407–08 (N.D. Ala. 2014).

But any such motion to quash or modify the subpoenas must be "timely," Fed. R. Civ. P. 45(d)(3)(A), meaning it must have been filed by the date of compliance, which was June 1, 2023. *See, e.g.*, *Woodard v. Victory Recs., Inc.*, No. 14 CV 1887, 2014 WL 2118799, at *4 (N.D. Ill. May 21, 2014) ("a motion to quash is timely when made at or before the time of compliance."); *Jallali v. Nova Se. Univ.*, No. 11 C 8115, 2012 WL 2368322, at *3 (N.D. Ill. June 21, 2012) (" a

---

[3] *See also Pain Ctr. of SE Indiana, LLC v. Origin Healthcare Sols., LLC*, 2015 WL 13640381, at *1 (S.D. Ind. Aug. 27, 2015) ("The rule requiring that motions to compel non-parties to answer deposition questions be filed in the district where the deposition is or will be taken comports with the scheme of Rule 45 that assigns to courts where compliance is required the responsibility of enforcing subpoenas and resolving compliance disputes"); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) ("[c]onsistent with this Court's understanding of how to determine the court or district 'where compliance is required,' a court in the district encompassing that improper place of compliance can properly make that ruling . . . as the court for the district where compliance is—whether properly or not—required on the face of the subpoena, and does so consistent with Rule 45's text and structure as well as the practical realities that courts presented with subpoena-related motions and applications face."); *JMC Rest. Holdings, LLC v. Pevida*, No. 14 CIV. 6157-WFK-VMS, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) ("As Plaintiffs selected their counsel's Manhattan office as the location of compliance, the Southern District of New York is the court for the district where compliance is required."); *Montgomery v. Risen*, 2015 WL 12672704, at *1 (S.D. Cal. Oct. 30, 2015), *reconsid. denied* 2015 WL 12672825 (Nov. 5, 2015) ("The Court lacks the jurisdiction under the Federal Rules of Civil Procedure to enforce the subpoena because it is not the court where compliance is required."); *United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) ("[F]aced with noncompliance by CMS—even if that noncompliance was based on a mistaken belief concerning the legal import of defendants' objections—plaintiff-relators' remedy was a motion to compel CMS to produce the requested data, made in the district where compliance was required.").

motion to quash is 'timely' [ ] when it is filed *on* or before the date of compliance." (emphasis in original)).  Havas filed no such motion.

Nor did Havas even object to the place of compliance in its June 1, 2023 written objections or in any of the parties' meet and confers over the last five months.  Indeed, Havas did not raise this issue until *after* Google filed its motion to compel.  Accordingly, any objection Havas has to the place of compliance has plainly been waived.  *See, e.g.*, *Keen v. Merck Sharp & Dohme Corp.*, No. 15-CV-1178, 2019 WL 1595883, at *4 (N.D. Ill. Apr. 15, 2019), *aff'd* 819 F. App'x 423 (7th Cir. 2020) ("Wheels waived any objections to the subpoena when it failed to object within the required time limits"); *Henry Schein, Inc. v. Drea*, No. 4:21-CV-00192-RGE-HCA, 2022 WL 18584628, at *3 (S.D. Iowa May 31, 2022) ("Patterson did not raise the issue [concerning the designated place of compliance] until Plaintiff filed this Motion. Accordingly, the Court declines Patterson's invitation to deny this Motion [to Compel] and holds that this Court is the proper district court to rule on the Motion to Compel as noted on the subpoena."); *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2023 WL 1965998, at *2 (S.D. Fla. Jan. 18, 2023) ("Typically, failure to timely serve written objections or move to quash results in the subpoena recipient waiving their objections.").

For example, facing similar facts and arguments as presented here, the court in *Takeda Pharm. Co. Ltd. v. Caremark RX, LLC*, granted a motion to compel over a third party's late objections to the place of compliance listed in the subpoenas.  No. CV 23-MC-111, 2023 WL 6201363, at *1 (E.D. Pa. Sept. 22, 2023).  The court found, "[t]o the extent [third-party] Caremark disagrees with [ ] the place of compliance, Rule 45(c) is the proper mechanism to challenge that issue[.]" *Id.* at *2.  The subpoenaed entity, Caremark, however, did not challenge the place of compliance until after a motion to compel was filed.  *Id.*  Because there was "nothing to indicate

-4-

Caremark was concerned with the [c]ourt's jurisdiction until after" a motion to compel was filed, the court overruled this objection and granted the motion. Specifically, the court found that Caremark's objections "to the subpoena as being overly broad, vague, ambiguous, or unduly burdensome" were not sufficient to preserve its new argument concerning jurisdiction. *Id.* As the court found, "[t]his is an appropriate venue, the [c]ourt has the authority to decide the motion, and the time for Caremark to make its arguments was before, not after, the [c]ourt did so." *Id.*

The same is true here. Accordingly, any argument Havas has to the place of compliance has long been waived. It is no surprise then that nearly every case Havas cites in support of this argument involves a third party who diligently objected to the place of compliance or filed a timely motion to quash, in sharp contrast to Havas's actions here.[4] For example, in the *Europlay* case featured prominently in Havas's opposition, the court noted that "Google repeatedly informed Plaintiffs that the proper district to compel compliance with the Subpoena is the Northern District of California." *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018). Unlike Google in *Europlay*, Havas failed to raise this objection with any modicum of diligence.

---

[4] *See Raap v. Brier & Thord*, No. 17-MC-3001, 2017 WL 2462823, at *1 (C.D. Ill. July 7, 2017) (considering timely motion to quash); *Agincourt Gaming, LLC v. Zynga, Inc*., No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *1 (D. Nev. Aug. 15, 2014) (considering motion to quash); *Moore v. Pooches of Alrgo, Inc.*, No. 8:20-CV-2184-MSS-SPF, 2023 WL 2584466, at *2 (M.D. Fla. Mar. 21, 2023) ("In its objections to the Subpoena, Indeed represented that its headquarters is located in Austin, Texas"); *AngioScore, Inc. v. TriReme Med, Inc.*, No. 12-cv-3393-YGR (N.D. Cal. Nov. 7, 2014), ECF No. 356 (considering motions to quash); *Burnett v. Wahlburgers Franchising LLC*, No. 1:16-cv-04602-WFK-MMH, ECF No. 60-2 (Sept. 28, 2018) (third party's timely written objections objecting to the place of compliance). While *Procaps S.A. v. Patheon Inc.*, did not involve a motion to quash, the court there simply found that the district where compliance is required rather than the court where the underlying lawsuit is pending should resolve any subpoena related dispute. No. 12-24356-CIV, 2015 WL 1722481, at *4 (S.D. Fla. Apr. 15, 2015). Similarly, in *Borghetti v. CBD USA Growing, Inc.*, the court overseeing the underlying litigation denied a motion to compel, finding that it should have been filed in the court where compliance is required (like Google did here). No. 19-cv-798, 2021 WL 3913974, at *1 (W. D. Pa. Sept. 1, 2021); *see also Charleston Rancho, LLC v. Stanley Convergent Sec. Sols., Inc.*, No. 2:18-CV-02205-APG-VCF, 2020 WL 13539218, at *1 (D. Nev. Sept. 8, 2020) (denying motion to compel and finding that it should have been filed where the third party was served).

Moreover, as Google stated in its May 18, 2023 letter served along with its subpoenas to Havas, Google has always been willing to work with Havas to "discuss an alternative method or place of production," including electronically or otherwise. (Mot. Ex. 4 at 1, Ex. 5 at 1.) Thus, it is abundantly clear that not only are Havas's objections to the place of compliance waived, but they are also not based on any genuine burden.

### II. Havas's Opposition Contains Several Misrepresentations.

Google also submits this reply to correct several misrepresentations made by counsel for Havas.

*First*, Havas misrepresents that Google cannot use its document productions in the MDL. Havas attempts to reward itself for its own delay, dragging negotiations on for Google's subpoenas until discovery closed in EDVA, only to then point to the close of discovery as a reason to effectively quash the subpoenas. As an initial point, the close of discovery in the EDVA action does not change the close of discovery in the MDL, which does not close until 2024. *See* SDNY Coordination Order, *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010-PKC, ECF No. 564 (S.D.N.Y. June 2, 2023). Moreover, even though discovery has closed in the EDVA action, Google filed the instant motion to compel well before the discovery cutoff, and has good cause for requesting that any compelled productions be used as evidence. Moreover, Google may also use any document productions from Havas for impeachment purposes (which may be particularly important considering that the DOJ was in contact with Havas during its investigation). *See* EDVA Coordination Order ¶ 2(e), *United States et al. v. Google LLC*, 1:23-cv-00108-LMB-JFA, ECF No. 251, (E.D.Va. June 5, 2023).

*Second*, Havas argues that "Google represented to the [EDVA] court . . . that all third-party discovery was complete with the exception of certain materials pending from a handful of

third parties that were specifically identified" and did not include Havas. (Opp'n at 5.) That is not true. In the cited motion to extend third-party discovery, Google identified third parties who were complying with Google's subpoenas and needed additional time to complete their productions. Havas's exclusion from that list suggests only that Google was not expecting any productions from Havas (thus, the motion to compel), not that it has no use for the documents. *See United States et al. v. Google LLC*, 1:23-cv-00108-LMB-JFA, ECF No. 414, (E.D.Va.).

*Third,* Havas grossly misrepresents the parties' meet and confers. For example, Google explained the categories of documents it was seeking during the parties' *first* meet and confer, not "eventually" after a "series of meet-and-confer discussions," (Opp'n at 3) as Havas suggests. (*See* Mot. Ex. 8 at 10, July 19, 2023 Email to Havas.) Moreover, Google is requesting Havas's contracts with its advertising technology providers (a list of which was provided to Havas), which are not in Google's possession, not just its agreements with Google. (Opp'n at 4.) Google is also requesting Havas's communications with plaintiffs in both the underlying litigations, not just with the DOJ. (*Id.*)

In addition, Havas misrepresents that Google was unwilling to narrow its requests. (*Id.*) Google was willing to discuss narrowing its requests (including the time frame) based on any actual articulations of burden beyond generalities. (Mot. Ex. 8 at 12, July 19, 2023 Email to Havas.) To date, Havas has failed to articulate any specific burden with complying with Google's requests. And, contrary to Havas's assertion (Opp'n at 4), Google explained to Havas on July 25 why its proposed limited production of scorecards was insufficient. (Mot. Ex. 8 at 8, July 25, 2023 Email to Havas.)

*Fourth*, Havas cites to ECF No. 238 from the EDVA action to "show" in "Google's own words" that the DOJ collected voluminous documents from third parties that were turned over to

Google in the underlying litigations. (Opp'n at 4.) That cited brief, however, does not support Havas's argument; it relates only to the extensive *party* production *Google* provided to the DOJ.

*Fifth*, Havas contends that Google has taken "contradictory" positions in the EDVA action and here with respect to the documents it needs to support its *Illinois Brick* defense. (Opp'n at 4–5.) That is not so. Google certainly requested discovery from the DOJ concerning this defense but has at no point represented that the *only* discovery or "all" of the discovery it needs comes from the DOJ, particularly considering that it has also been sued by private and state enforcers in matters consolidated in the MDL (not just by state attorneys general, as Havas misrepresents).

**III. Havas's Request to Transfer Should be Denied.**

In another blatant delay tactic, Havas requests that Google's motion to compel be transferred to either the Eastern District of Virginia or the Southern District of New York.

Regardless of whether Havas consents to transfer, choosing to transfer a motion is entirely within the Court's discretion. *See* Fed. R. Civ. P. 45(f); *see also Lang v. Colonial Penn Life Ins. Co.*, No. 21-CV-6290, 2022 WL 4465719, at *2 (N.D. Ill. Sept. 26, 2022) ("Rule 45 imbues the discretion to transfer subpoena-related motions with the district court where compliance is required" (quotation omitted)); *In re Subpoena Served on Affiliated Foods, Inc.*, No. 2:21-MC-3-Z, 2021 WL 4439796, at *3 (N.D. Tex. Sept. 28, 2021) ("The Court *may* transfer the motion based on either consent of the parties or upon the Court finding exceptional circumstances—but the Court is never required to transfer." (emphasis in original)). And, rather than reward Havas's delay tactics, the Court should not exercise its discretion to transfer here.

That is because transferring the Motion after Google's subpoenas have been pending for more than five months would prejudice Google and result in further unnecessary delay, particularly in light of Google's upcoming expert report designation deadlines in the EDVA action. Indeed,

the subpoenas would have to be transferred to two different districts to adjudicate Google's motion to compel as Rule 45(f) allows for transfer only to the issuing court, which is different for each subpoena. That could result in conflicting rulings on Google's motion and would be a waste of judicial resources, potentially resulting in several more months passing until the Motion is resolved. Havas's request to transfer is a plain workaround to its failure to timely object to the subpoenas' place of compliance and should be denied.

### IV. Google's Requests are Both Relevant and Reasonable.

Google set forth the relevance and reasonableness of its requests in detail in the Motion but writes this reply to briefly address only a few points raised by Havas.

*First*, while Havas summarily argues that none of Google's requests (including for Havas's communications with plaintiffs) are relevant, it does not actually argue that any particular request is not relevant (nor could it). Thus, the relevance of Google's requests is undisputed.

*Second*, Havas wrongly suggests that Google (and any defendant in any case) must be limited to only discovery that is "necessary" to the litigation. That is not so. As explained in the Motion, relevance—not necessity—is, of course, the threshold for both party and third-party discovery. Google explained in its motion why the information it seeks to compel is relevant and Havas does not even try to articulate any reason why the information is not.

*Third*, contrary not Havas's assertion, it is not true that the requested information is obtainable through the parties. As Google explained in the Motion, the requested information—such as, data collected by Havas, Havas's agreements with other tool providers, and Havas's assessments of the tools in the marketplace—are *uniquely* in Havas's possession, custody, or control. Such documents are discoverable from a non-party. *See, e.g.*, *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2020 WL 4676666, at *3 (N.D. Ill. Aug. 12, 2020)

(granting motion to compel where the documents "likely remain solely in [the third party's] possession"); *New Park Ent. L.L.C. v. Elec. Factory Concerts, Inc.*, No. CIV. A. 98-775, 2000 WL 62315, at *5 (E.D. Pa. Jan. 13, 2000) ("While there may be some duplication between defendants' and the third parties' production of documents, there are sure to be many other documents in the possession of the third parties not in the possession of the defendants."). Moreover, as the party opposing production, it is Havas's burden to establish it would be unduly burdened by compliance. Havas has fallen woefully short of that obligation, offering only generalities that are clearly insufficient to withhold production. *See, e.g.*, *PsyBio Therapeutics, Inc. v. Corbin*, No. 20 C 3340, 2021 WL 4459527, at *3 (N.D. Ill. Sept. 29, 2021) ("[o]ne claiming undue burden must do more than say it is so.").

## CONCLUSION

Google respectfully requests that the Court grant its motion to compel Havas to comply with Google's subpoenas duces tecum in full and produce responsive documents by a date certain that will allow Google to use the information in its upcoming trials. Moreover, as explained above, Havas relies on several misstatements and contorted arguments to support its request for fees; this request should plainly be denied, particularly in light of Havas's delay tactics and lack of diligence objecting to the place of compliance in the subpoenas.

Dated: October 30, 2023

Respectfully submitted,

*/s/ Michael W. Drumke*
/s/ Michael W. Drumke
Michael W. Drumke
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611-3604
Telephone: (312) 222-8523
E-mail: mdrumke@smbtrials.com

Jamie Alan Aycock
(*pro hac vice application forthcoming*)
Ayla S. Syed
(*pro hac vice application forthcoming*)
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002
jamieaycock@yettercoleman.com
asyed@yettercoleman.com


*Attorneys for Google LLC*