UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GOOGLE, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-mc-03007 |
| | ) | |
| vs. | ) | |
| | ) | Hon. Colleen R. Lawless |
| HAVAS MEDIA GROUP USA, LLC, | ) | Magistrate Judge Karen L. McNaught |
| | ) | |
| Defendant. | ) | |

# SURREPLY IN FURTHER OPPOSITION TO GOOGLE LLC'S MOTION TO COMPEL

Daniel R. Thies
WEBBER & THIES, P.C.
202 Lincoln Square, P.O. Box 189
Urbana, Illinois 61803-0189
(217) 367-1126

Scott A. Rader (*pro hac vice* application forthcoming)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
919 Third Avenue, 39th Floor
New York, New York 10017
(212) 935-3000

*Attorneys for Havas Media Group USA, LLC*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I. Google's claim that Havas's jurisdictional argument is designed to delay resolution of this motion has no merit ..............................................................................1

II. Google's new arguments against jurisdiction under Rule 45 are equally baseless .............2

III. Google's claim that the discovery it seeks is not barred by discovery cutoff deadlines is not grounded in reality ......................................................................................6

IV. Google mischaracterization of the meet and confer discussions that preceded this motion only demonstrates the unreasonableness of its position throughout .......................7

V. Google's arguments on the merits are equally misleading ..................................................9

VI. Attorney's fees are particularly appropriate here ................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Belleville Catering Co. v. Champaign Market Place, L.L.C*,
   350 F.3d 691 (7th Cir. 2003) ..................................................................................................6

*Europlay Capital Advisors LLC v. Does*,
   323 F.R.D. 628 (C.D. Cal. 2018) .............................................................................................3

*In re Daimler Truck North America, LLC*,
   2023 U.S. Dist. LEXIS 40996 (D. Del. March 10, 2023) ........................................................4

*In re In re Subpoena Served on Affiliated Foods, Inc.*,
   2021 WL 4439796 (N.D. Tex. Sept. 28, 2021) .......................................................................4

*JMC Rest. Holdings, LLC v. Pevida*,
   2015 U.S. Dist. LEXIS 62374 (E.D.N.Y. May 12, 2015) .......................................................4

*Montgomery v. Risen*,
   2015 U.S. Dist. LEXIS 182623 ................................................................................................4

*People's Bank, Inc. v. Reliable Fast Cash, LLC*,
   2018 U.S. Dist. LEXIS 218114 (N.D. Ind. July 5, 2018) ........................................................4

*Raap v. Brier & Thorn, Inc.*,
   2017 U.S. Dist. LEXIS 87004 (C.D. Ill. June 7, 2017) ..................................................3, 4, 5

*Takeda Pharm, Co.. Ltd. v. Caremark RX, LLC*,
   2023 U.S. Dist. LEXIS 169536 (E.D. Pa. Sept. 22, 2023) ......................................................6

*United States ex rel. Ortiz v. Mount Sinai Hospital*,
   169 F. Supp. 3d 538 (S.D.N.Y. 2016) .....................................................................................4

*Walsh v. Kempfer*,
   2022 U.S. Dist. LEXIS 107883 (S.D. Ill. June 16, 2022) .......................................................8

**Rules**

Fed. R. Civ. P. 4(d) .......................................................................................................................2

Fed. R. Civ. P. 45 ................................................................................................................ *passim*

Havas Media Group USA, LLC ("Havas") respectfully submits this surreply to address the new, meritless, and misleading arguments that Google makes in its reply brief ("Reply").[1]

### I. Google's claim that Havas's jurisdictional argument is designed to delay resolution of this motion has no merit.

Google accuses Havas of engaging in a "blatant delay tactic" for submitting an opposition to Google's motion that includes undisputed authority establishing that (i) jurisdiction in this Court is not proper, and (ii) the proper court is either the Southern District of New York or the Eastern District of Virginia. Google's efforts to disparage Havas through its dramatic choice of words are no substitute for a meritorious argument, which Google has failed to make. They are also not a substitute for the truth, which is that Google — and not Havas — has occasioned the delay.

*First*, although Google stated that the meet-and-confer discussions with Havas had reached an impasse after the parties' final communication on August 2, 2023 (Dkt. No. 01-8 at 2), Google nevertheless waited over a month — until September 7, 2023 — to file its motion to compel. (Dkt. No. 01-9.) Moreover, Google did not notify Havas about the motion until nearly two weeks later — on September 20, 2023 (Dkt No. 11-2) — and then Google further delayed matters by waiting another week, until September 28, to serve the motion on Havas's national registered agent. (Dkt. No. 5.)

*Second*, as soon as Google told Havas about the motion, Havas immediately told Google that it was in the wrong district. (Dkt No. 11-2 at 3.) More specifically, Google told Havas about the motion on September 20, and Havas told Google that it was in the wrong court on September 21, 2023. (*Id.*) At that time, now more than six weeks ago, Google could have re-filed in the proper district. Instead, Google chose to ignore the issue and proceeded to use the last six

---

[1] Google's motion for leave to file its Reply should be denied because additional briefing beyond Havas's opposition brief is unnecessary. To the extent the Court is inclined to accept the Reply, however, this surreply is necessary to address Google's new and baseless arguments.

weeks to pursue its motion in this District. If Google had simply re-filed its motion in the correct district before serving Havas, perhaps it would have been resolved by now. Any prejudice Google claims to have suffered in this regard is a result of its own actions.

*Third,* if Google were truly interested in a speedy resolution, not only would Google have filed its motion sooner, it would not have asked Havas to waive service, since waiver would have given Havas *60 days* (until late November) to respond. (*See* Fed. R. Civ. P. 4(d).) Havas declined to waive service, thus reducing its response time to 21 days (until October 19, 2023).

In short, all delays to date have been Google's own doing, and, if anything, Havas's actions have *minimized and avoided* any further delays. Google cannot now credibly claim that Havas's opposition brief, properly and timely filed and bringing to the Court's attention a foundational legal defect in what Google is asking the Court to do (and even proposing a solution via transfer), is creating any prejudicial delay.

**II. Google's new arguments against jurisdiction under Rule 45 are equally baseless.**

Google's arguments that jurisdiction in this District is proper because (i) Havas's registered agent for service is within 100 miles of this District and (ii) Havas maintains an office in Chicago (Reply at 2) are irrelevant and fail to establish jurisdiction in this District.

While a subpoena under Rule 45 "may be served at any place within the United States," Fed. R. Civ. P. 45(b), the place for compliance is different, and is expressly limited to a location no more than 100 miles from where the non-party subpoena recipient "resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). For corporations, courts have typically held the place of compliance to be the location of the corporate headquarters, which, for Havas, is New York, New York. *See* Havas's Opposition to Google's Motion to Compel ("Havas Opp.") at 6-7 (Dkt. No. 8.). The distinction between service and jurisdiction is an important one,

2

as Google itself recognizes. Indeed, Google argued in *Europlay Capital Advisors LLC v. Does*, 323 F.R.D. 628 (C.D. Cal. 2018) that, even though Google was served with a non-party subpoena on Google's "registered agent for service of process, Corporation Service Co., in Sacramento, California" (located in the Eastern District of California), the proper place of compliance was the Northern District of California because that was the location of Google's headquarters. *Id*. at 629. The court agreed with Google because "there is 'no question' that the proper district to hear a motion to compel compliance with a Rule 45 nonparty subpoena is where the nonparty is headquartered." *Id.* (citing cases). The same is true here.

Though Havas has an office in Chicago, that also does not cure Google's error of having filed in this District, since Chicago (i) is not where Havas is headquartered; and (ii) is not in this District nor 100 miles from it.

Google claims that even if the Subpoenas' designation of this District as the place of compliance was improper (which it was), Havas is somehow stuck with it because whatever a subpoena says controls where a motion to compel must be filed. Google's absurd position goes against the position it itself has taken in another case, the plain text of Rule 45, and what courts have held — including a court in this very District and the above-referenced case where Google, as the non-party, successfully argued for dismissal of a motion to compel on jurisdictional grounds. *See Raap v. Brier & Thorn, Inc.*, 2017 U.S. Dist. LEXIS 87004 (C.D. Ill. June 7, 2017); *see also* Havas Opp. at 8. To accept Google's argument here would ignore this authority and turn Rule 45 on its head, because, as the *Raap* Court explained, the Rule's "purpose of protecting nonparties is defeated if a party could . . . require the nonparty to adjudicate a dispute over that subpoena in a distant forum." *Id.* at *8.  Tellingly, Google ignores *Raap* and, instead, cites rulings from courts

3

outside this District. But the *Raap* Court expressly rejected Google's incorrect approach, *id.,* and this court should do the same.²

Even if this District were the proper place of compliance simply by being so designated by Google — and it is not — Havas's request for a transfer to the issuing court under Rule 45(f) alone would suffice for the Court to effect the transfer, even over Google's objection. Havas is not aware of a single instance where a court has declined to transfer a motion under Rule 45(f) where the non-party subpoena recipient consented to the transfer, and a court in a recent decision deemed such consent "sufficient to warrant transfer" over a party's objection, given the absence of any authority to the contrary. *See In re Daimler Truck North America, LLC*, 2023 U.S. Dist. LEXIS 40996, *4 (D. Del. March 10, 2023). Google's own inability to cite a single case confirms the correctness of Havas's position. The case cited by Google — *In re Subpoena Served on Affiliated Foods, Inc.,* 2021 WL 4439796 (N.D. Tex. Sept. 28, 2021) — only supports Havas's position, as the court there declined to grant the request for a Rule 45(f) transfer in favor of the non-party, which was located in the district considering the motion. 2021 WL 4439796, at *4-5. As the court there recognized, "[a] nonparty business has not subjected itself to litigation and thus should not suffer any more such consequences than absolutely necessary." *Id.* at *4. Google's argument that

---

²     The cases cited by Google in its Reply are distinguishable and many actually support Havas's position that motion practice with respect to a non-party subpoena recipient must occur where the non-party is located. For example, in *People's Bank, Inc. v. Reliable Fast Cash, LLC,* 2018 U.S. Dist. LEXIS 218114 (N.D. Ind. July 5, 2018), the subpoena required the non-party recipient to produce documents "at [the non-party's] office in Newark, New Jersey." Here, by contrast, the Subpoenas purport to require Havas to produce documents in a district with no connection to Havas's location or offices at all. In *JMC Rest. Holdings, LLC v. Pevida*, 2015 U.S. Dist. LEXIS 62374 (E.D.N.Y. May 12, 2015), the court reiterated that "the nonparty's interests are protected by having the court in which compliance is required – which, per Rule 45(c), will be a court local to the nonparty – handle disputes over compliance." *Id.* at *8. Here, the court to which the Subpoenas require production is not local to nonparty Havas, in contrast to the court to which Havas consents to transfer – the Southern District of New York – which is "local to the nonparty" Havas. In *Montgomery v. Risen*, 2015 U.S. Dist. LEXIS 182623, the non-party subpoena recipient "did not serve any written objections to compliance with the subpoena." *Id.* at *1. Here, by contrast, Havas timely served its written objections. In *United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016), the subpoena was served at the headquarters of the non-party and the non-party did not serve any objections or oppose the motion to compel, with the only challenge to the subpoena being made by the defendant. *Id.* at *1.

a transfer under Rule 45(f) would cause unnecessary delay is disingenuous when Google itself has occasioned nearly two months of delay already and was prepared to create an even longer delay in return for a waiver of service from Havas.

Google's assertion that Havas's objections to the Central District of Illinois as the "place of compliance" are not based on a genuine burden because Google was willing to discuss an alternative place of production, including "electronic or otherwise" (Reply at 6), misses the point. Rule 45's strict geographic limit is premised on the need to ground compliance in the location that is most convenient to the non-party, which is defined as no more than 100 miles of where the party resides or regularly transacts business in person, and, in the case of corporations, has been held to mean where the company is headquartered. The Rule does not take into account a propounding party's own assessment of whether a particular district is "burdensome" to the non-party, nor does it factor in the mode of production. Indeed, the geographic limit is not only for purposes of making production by the non-party as convenient as possible; it is also to protect the non-party from having to "adjudicate a dispute over … [a] subpoena in a distant forum." *Raap,* 2017 U.S. Dist. LEXIS 87004 at *8. *See also In re Subpoena Served on Affiliated Foods,* 2021 WL 4439796, at *4-5 (non-party companies are subject to numerous burdens by virtue of being brought into a litigation "without being told to take additional steps in a foreign jurisdiction for the benefit of the parties to the litigation"). Contrary to Google's self-serving claims, Havas *has* been burdened by Google's tactics, which have forced Havas to — among other things — respond to this motion in this District, far from its headquarters, unconnected to the courts that issued the Subpoenas, and wholly unrelated to the underlying litigations.

Google's argument that Havas has somehow waived its objection to jurisdiction because the "time" to make an "objection has long passed" (Reply at 3) is likewise meritless. Google oddly

5

suggests that Havas's objections were somehow subject to the timing requirements of a motion to quash. (Reply 3-4.) But that suggestion is incorrect (and the cases are inapplicable), given that Havas did not file a motion to quash but is rather opposing a motion to compel. Nor does *Takeda Pharm, Co.. Ltd. v. Caremark RX, LLC,* 2023 U.S. Dist. LEXIS 169536 (E.D. Pa. Sept. 22, 2023) (Reply at 4-5) apply, given the very different fact pattern there, involving a non-party that never objected to the subpoena in writing and "[d]espite numerous efforts by [the plaintiff] to address [the non-party's] concerns with the subpoena's scope … [the non-party] ceased all communications," and "went dark," even failing to respond to the ensuing motion to compel. By contrast, and as Google does not dispute, Havas timely objected to the Subpoenas, and did so in writing. Moreover, Havas specifically asserted and thus preserved an objection as to both Subpoenas to the extent they sought "to modify or expand the requirements of the Federal Rules of Civil Procedure and any other applicable law." Dkt. Nos. 01-6, 01-7 at 5 ¶ 14. This is exactly what Google has done by filing its motion to compel in this District, in contravention of Rule 45. Havas raised its objection as soon as it learned that the motion to compel had been filed in the Central District of Illinois (and not the Southern District of New York or the Eastern District of Virginia), and Google ignored it.  Given that "inquiring whether the court has jurisdiction is a federal judge's first duty in every case," *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 693 (7th Cir. 2003), Havas has raised the objection again, and at the earliest possible moment in the litigation, *i.e*., in its first filing with the Court.

> **III.     Google's claim that the discovery it seeks is not barred by discovery cutoff deadlines is not grounded in reality.**

In response to Havas's argument that Google will not even be able to use the information it is seeking by the Subpoenas, Google states that "Google filed the instant motion to compel *well before* the discovery cutoff" in the Eastern District of Virginia action. (Reply at 6 (emphasis

6

added).) This is not true. The discovery cut off was on September 8, 2023, and Google filed its motion to compel on September 7 — not "*well* before," but rather *the day* before. As mentioned above, Google did not tell Havas about the motion until two weeks later.

More troubling, Google did not tell the issuing court about it either. Google had an opportunity to tell the court in the Eastern District of Virginia that it was seeking discovery from Havas, but did not do so. Instead, when Google affirmatively purported to tell the Eastern District of Virginia about the status of third party discovery in order to seek pre-approval from the court to pursue such discovery *after the close of fact discovery*, Google failed to identify Havas as one of those third parties. Google now incredibly argues that it did not identify Havas because "Google was not expecting any productions from Havas." (Reply at 7.) This is nonsensical. If, on September 7, 2023, Google filed a motion to compel Havas to produce discovery, then it is clear that on September 8, 2023, Google, at a minimum, had not abandoned its pursuit of materials from Havas but rather had prepared a more forceful tactic. Knowing that the Havas subpoenas not only remained outstanding but also that Google was seeking to enforce them, Google's failure to tell the court that Havas too was a third party from which it still needed to obtain documents was strange, and seemingly deliberate. The court in the Eastern District of Virginia is best positioned to determine how to treat this omission in the litigation that is pending there.

**IV. Google's mischaracterization of the meet and confer discussions that preceded this motion only demonstrates the unreasonableness of its position throughout.**

Google's claim that Havas is mischaracterizing the parties' meet-and-confer discussions is both inaccurate and further demonstrates why Google's document requests are improper. Take, for example, Google's statement that it "is also requesting Havas's communications with plaintiffs in both the underlying litigations, not just the DOJ." (Reply at 7.) This does not help Google's position, as a non-party's communications with any opposing party are precisely the types of

7

documents that should be requested from and obtained from the opposing party, not a non-party. *See Walsh v. Kempfer*, 2022 U.S. Dist. LEXIS 107883, at *10 (S.D. Ill. June 16, 2022) ("Plaintiffs' requests clearly impose an undue burden on the subpoenaed parties. Many of the documents, if relevant, can be obtained from a more convenient source, *i.e.*, the actual defendants in this action.").

Similarly, Google asserts that "Havas misrepresents that Google was unwilling to narrow its requests." (Reply at 7.) This is another sleight of hand. What Havas actually stated in its opposition brief was that Google "declined" to narrow its discovery requests, which is entirely accurate. (Havas Opp. at 3.) In fact, it is corroborated by Google's own admission *that it has not narrowed its requests*. (*See* Reply at 7 (attempting to justify why Google never narrowed its requests).)

Google next says that it never represented that it could obtain from the DOJ the discovery it needs for its *Illinois Brick* defense. (Reply at 8.) Once again, Google's claim is contradicted by its own prior statements. Specifically, in the underlying litigations, Google argued that the DOJ should be compelled to provide the discovery that would support Google's *Illinois Brick* defense because the court handling discovery disputes found that this discovery could be obtained from the DOJ through "a request for admission and a couple of quickie interrogatories." E.D. Va. Action, Apr. 28, 2023 Hr'g Tr. (Dkt. No. 164), at 21:15-23 (Rader Decl. Ex. 3). Given that Google itself holds the view that the DOJ, a party in one of the underlying litigations, can produce the discovery needed to support its *Illinois Brick* defense, Google fails to explain why Havas, a non-party, should have to search for and produce these very same documents.

**V.      Google's arguments on the merits are equally misleading.**

Google's arguments that it needs ten years' worth of information, including confidential client information, from Havas remain unpersuasive, but, because of the jurisdictional defect in Google's motion (and Havas's consent to transfer), this Court need not wade into those disputes. Nevertheless, it bears noting how Google's approach to its purported entitlement to documents reflects the same disingenuous and misleading approach it has taken to Rule 45's jurisdictional requirements.

For example, Google argued in the underlying litigation that Google should not be required to produce its source code because a party's production of highly confidential and proprietary information is only required when the production is "required and necessary." *See* Havas Opp. at 18. But Google conveniently disregards this legal standard and omits any mention of it in its Reply — arguing instead that Havas, as a *non-party,* should be subject to a lower standard when *its* own confidential and proprietary information is at stake. Likewise, Google continues to insist that Havas produce information that Google can and should obtain from the actual parties.

**VI.     Attorneys' fees are particularly appropriate here.**

Havas is a non-party, and Rule 45 is expressly intended to protect it from exposure to unnecessary burden and expense. By (i) filing a motion to compel in the wrong jurisdiction, (ii) inexplicably doubling down in its refusal to transfer the motion to the right forum, and (iii) seeking leave to file a reply brief (without even seeking Havas's consent), and including within that reply brief numerous statements that are demonstrably false and misleading, Google has forced Havas to waste significant resources opposing a meritless and unnecessary motion and rejected Havas's own efforts to streamline the process. This is exactly the type of matter for which an award of attorneys' fees to a non-party is appropriate.

Dated: November 6, 2023
      Urbana, Illinois

                        By    /s/Daniel R. Thies
                              Daniel R. Thies
                        WEBBER & THIES, P.C.
                        202 Lincoln Square, P.O. Box 189
                        Urbana, Illinois 61803-0189
                        (217) 367-1126
                        danielthies@webberthies.com


                        Scott A. Rader (SARader@mintz.com) (*pro hac vice* application forthcoming)
                        MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
                        919 Third Avenue, 39th Floor
                        New York, New York 10017
                        (212) 935-3000

                        *Attorneys for Havas Media Group USA, LLC*